1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NIGEL CAIRNS,

Plaintiff,

v.

TOMMY QUINN, et al.,

Defendants.

Case No.: 22cv1979-LL-KSC

**ORDER GRANTING MOTION TO DISMISS**

**[ECF No. 9]**

This matter is before the Court on the Motion to Dismiss filed by Defendants Robert Longstreth and Abraham Barragan (together, the "Superior Court Defendants"), filed on February 10, 2023. ECF No. 9. Plaintiff filed his response in opposition on July 19, 2023 [ECF No. 17], and the Superior Court Defendants filed their Reply on August 2, 2023 [ECF No. 18]. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. Upon review of the parties' submissions and the applicable law, the Court **GRANTS** the Motion to Dismiss because the Superior Court Defendants are entitled to absolute judicial and quasi-judicial immunity, respectively.

## I.    BACKGROUND

On December 14, 2022, Plaintiff Nigel Cairns filed this action against Defendants Tommy Quinn, Tamatha Thomas, Dewayne Frost, Jamie Sloan, John Boyce, Robert

1

Longstreth, Abraham Barragan, and Stephen Paz. ECF No. 1. On January 12, 2023, the case was transferred to the undersigned pursuant to the "low number rule" because Plaintiff filed a case arising from the same or substantially identical transactions, happenings, or events, involving the same or substantially the same parties or property as a case which was terminated by the Court less than one year prior to the current case being filed. ECF No. 5. Plaintiff's previous case before the undersigned, brought against Quinn, Boyce, Paz, Longstreth, and Barragan, was dismissed without prejudice on November 8, 2022. *See Cairns v. Quinn et al.*, No. 3:22-cv-1081-LL-KSC, ECF No. 7. On June 7, 2023, the Court dismissed all defendants in the instant case, other than the Superior Court Defendants, for failure to serve those defendants with the summons and complaint within ninety days of filing his complaint. ECF No. 14.

## II.    LEGAL STANDARD

"It is well established that state judges are entitled to absolute immunity for their judicial acts." *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967)). This "reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). Consistent with this principle, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley*, 80 U.S. at 351).

"Absolute judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for 'all claims relating to the exercise of judicial functions.'" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Burns v. Reed*, 500 U.S. 478, 499 (1991) (Scalia, J., concurring in part and dissenting in part)). As such, "[c]ourt clerks have

22cv1979-LL-KSC

absolute *quasi*-judicial immunity . . . when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (collecting cases) (emphasis added). Furthermore, absolute quasi-judicial immunity has been extended "to court clerks and other nonjudicial officers for purely administrative acts -- acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." *In re Castillo*, 297 F.3d at 952 (citing *Moore v. Brewster*, 96 F.3d 1240 (9th Cir. 1996)).

## III.   DISCUSSION

Plaintiff's allegations, which include those against the now-dismissed defendants in this case, revolve around events in 2021 related to his residence at the Island Inn. *See* ECF No. 1 at 6-8. According to Plaintiff, after several disputes with individuals either contracted by or employed directly by the Island Inn, and suffering an assault by Defendant Sloan, Plaintiff filed a lawsuit against the Island Inn, and Sloan filed and was granted a temporary restraining order ("TRO") against Plaintiff. *Id.* at 7-8.[1] The ROAs in those cases show that the cases were filed on the same day [ECF Nos. 17-3 at 1, 17-4 at 1], that Sloan was granted a restraining order against Plaintiff on January 20, 2022 [ECF No. 17-3 at 2], and that Plaintiff's restraining order against Sloan (sued as "Jamie Doe") was denied without prejudice on that same date [ECF No. 17-4 at 2]. Plaintiff appealed the restraining order granted against him in *Sloan v. Cairns* [ECF No. 17-3 at 2], and in designating the record for his appeal, wrote in "Please see related case 37-2021-00044796-CU-PT-CTL" in the section directing the appellant to designate any exhibits admitted, refused, or lodged in the

---

[1] The Court takes judicial notice of the register of actions ("ROA") in *Sloan v. Cairns*, 37-2021-00044690-CU-HR-CTL [ECF No. 17-3, Ex. 1], the ROA in *Cairns v. Doe*, 37-2021-00044796-CU-PT-CTL [ECF No. 17-4, Ex. 2], and the page three of the "Appellant's Notice Designating Record on Appeal (Unlimited Civil Case), APP-003 (Rev. January 1, 2019)" [ECF No. 17-5 at 1, Ex. 3]. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court filings and other matters of public record) (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).

underlying case [ECF No. 17-5 at 1]. Following those actions in the state court, Plaintiff brought the instant action alleging a denial of due process under 42 U.S.C. § 1983 and seeking compensatory and punitive damages in the amount of one million dollars. ECF No. 1 at 7-9. Because the remaining Defendants have been dismissed, the Court limits its discussion to the allegations pertaining to the two remaining defendants: Robert Longstreth, a judge of the Superior Court of California for the County of San Diego, and Abraham Barragan, a court operations clerk of the same court. Plaintiff brings suit against both Defendants in their individual capacities. *Id.* at 5.

Plaintiff alleges that the Superior Court Defendants were involved in the aforementioned state court legal actions in their roles as judge and as clerk. *See* ECF Nos. 1 at 7-8; 17 at 1-2. Although he does not allege specific acts or omissions by either Longstreth or Barragan, Plaintiff alleges that he "could not obtain a copy of evidence [he] has submitted to [Defendant Longstreth's] department which [he] needed for [his] appeal," and that, "[t]he Court Record on Appeal did not contain the material [he] had submitted as a plaintiff." *Id.* at 7. Without making any more specific claims as to Longstreth or Barragan, Plaintiff alleges that "Judge Longstreth dismissed my case and made Jamie Sloan's [temporary restraining order ("TRO")] permanent. I could not get a copy of the material I had submitted to Judge Longstreth to include in my appeal. Furthermore . . . the 'Court Record on Appeal" [] did not contain my original TRO filings[.]" *Id.* at 8. Plaintiff's opposition to the Motion to Dismiss states that he was "unable to obtain the material [he] had submitted" in *Cairns v. Doe* by emailing Longstreth's judicial department, and subsequently attempted to include those filings to his appeal of the TRO granted against him in *Sloan v. Cairns* by adding "please see related case 37-2021-000444796-CU-PT-CTL" on his notice designating his record on appeal in *Sloan v. Cairns*. *See* ECF No. 17 at 2. Plaintiff also alleges that he "presume[s]" that he also appealed the denial of his restraining order in *Cairns v. Doe*, and questions, based on its absence on the ROA, whether his notice of appeal in the case was ever received. *Id.*

1    Although Plaintiff's allegations are threadbare, the Court construes his complaint
2    liberally in light of his pro se status. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.
3    1987). The Court understands Plaintiff's claims against the Superior Court Defendants as
4    twofold: (1) that his appeal in *Cairns v. Doe* was never filed by the state court; and (2) that
5    the record in *Cairns v. Doe* was not included in his record on appeal of *Sloan v. Cairns*.[2]
6    Plaintiff fails to explicate these claims, but based on Plaintiff's allegations and the ROAs
7    in Plaintiff's state court cases, it would appear that Plaintiff argues that Longstreth is
8    responsible for Plaintiff's inability to receive a copy of the record in *Cairns v. Doe* by
9    emailing Longstreth's judicial department, and that Plaintiff argues that Barragan is
10   responsible for the non-filing of his appeal in *Cairns v. Doe* as well as the superior court's
11   failure to include the record in *Cairns v. Doe* on his appeal in *Sloan v. Cairns*.

12       There are multiple grounds for granting the Superior Court Defendants' Motion to
13   Dismiss. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint clearly
14   identify which defendant(s) are named in which claim(s) and specify—for each claim and
15   each defendant—the factual allegations that support liability for each defendant such that
16   they have fair notice of a plaintiff's claim(s) and the grounds for their claim(s). *See Dura*
17   *Pharms, Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41,
18   47 (1957)); *see also* Fed. R. Civ. P. 8(a). To state a claim against Defendants in their
19   individual capacities under § 1983, Plaintiff must allege with specificity: (1) that he
20   possessed and was deprived of a constitutional right; (2) by an individual; (3) who acted
21   under color of state law. *See Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir.

---

[2] As addressed by the Superior Court Defendants in their Motion to Dismiss, to the extent that Plaintiff wishes to challenge Longstreth's rulings in the state court cases, such claim(s) are barred by the *Rooker-Feldman* doctrine. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858–59 (9th Cir. 2008) ("The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court final judgments.").

22cv1979-LL-KSC

1991) (citation omitted). Plaintiff must allege that each defendant personally participated in the constitutional deprivation alleged. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)). Though Plaintiff's complaint makes reference to a denial of due process under § 1983, none of the allegations currently before the Court constitute specific allegations that either articulate the deprivation of due process or any other constitutional right, or that Longstreth or Barragan personally participated in any of the alleged misconduct. In the absence of specific allegations concerning Defendants' involvement, Plaintiff's complaint fails to state a plausible claim under § 1983. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

Beyond Plaintiff's failure to state a plausible § 1983 claim, his complaint also fails to state a claim upon which relief may be granted because his claims are barred by the doctrines of judicial and quasi-judicial immunity. As discussed above, although Plaintiff has not made any specific allegations about how Longstreth or Barragan personally participated in the alleged misconduct, but it is clear that all of the actions or omissions alleged by Plaintiff relate to Longstreth's judicial capacity and Barragan's administrative acts in the context of judicial functions. Plaintiff has not alleged that Longstreth or Barragan have acted in the clear absence of jurisdiction or that their acts were non-judicial in nature. Accordingly, Longstreth and Barragan are entitled to absolute judicial immunity and absolute quasi-judicial immunity for their actions. *See Haile v. Sawyer*, 76 F. App'x 129, 130 (9th Cir. 2003) (affirming dismissal of § 1983 claims against a judge and court clerk under judicial and quasi-judicial immunity). As such, the Superior Court Defendants' Motion to Dismiss is **GRANTED**.

Having considered the factors articulated in *Foman v. Davis*, the Court finds that any amendment would be futile to overcome judicial and quasi-judicial immunity in this case. 371 U.S. 178, 182 (1962). Although the district court normally grants leave to amend when

dismissing a complaint for failure to state a claim, *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), the Court **DENIES** leave to amend as futile.

## IV.   CONCLUSION

In accordance with the above, the Court hereby:

1.   **GRANTS** the Superior Court Defendants' Motion to Dismiss Plaintiff's complaint [ECF No. 9];

2.   **DISMISSES WITH PREJUDICE** Plaintiff's complaint [ECF No. 1]; and

3.   **DIRECTS** the Clerk of Court to close this case.

**IT IS SO ORDERED**.

Dated:  August 17, 2023

Honorable Linda Lopez
United States District Judge

22cv1979-LL-KSC